# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL HOWELL, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:20 CV 1536 MTS |
| ST. LOUIS COUNTY JAIL, et al., | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Michael Howell's motion for reconsideration. Doc. [6]. For the reasons discussed below, the motion will be denied.

### Background

Plaintiff is a self-represented litigant who filed a civil action pursuant to 42 U.S.C. § 1983 on October 26, 2020. Along with the complaint, he filed a motion for leave to proceed in forma pauperis. Before the Court could rule on his motion or review his complaint under 28 U.S.C. § 1915, plaintiff filed a document construed as a notice of voluntary dismissal. Doc. [3]. On November 10, 2020, pursuant to plaintiff's request, the Court dismissed this action without prejudice, and denied plaintiff's motion for leave to proceed in forma pauperis as moot. Doc. [4].

On January 1, 2022, plaintiff filed a document titled "Motion for Reconsideration." Doc. [6]. In the motion, plaintiff states that he "was placed in Ad-Seg," that his property was taken from him, and that he was not issued legal materials. *Id.* at 1. Attached to the motion is a conduct violation report from the Missouri Department of Corrections, dated October 28, 2021. *Id.* at 2. According to the report, plaintiff was given a conduct violation for threatening to kill another

inmate. For these reasons, plaintiff asks the Court to "grant his motion to follow through with his litigation." *Id.* at 1.

## Discussion

There is no provision for a "motion for reconsideration" within the Federal Rules of Civil Procedure. *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999). Thus, when a motion for reconsideration is filed, a court is "put in the difficult position of deciding whether [the motion] is in fact a Rule 59(e) 'Motion to Alter or Amend a Judgment,' or a Rule 60(b) 'Motion for Relief from Judgment or Order.'" *Id. See also Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988) ("When the moving party fails to specify the rule under which it makes a postjudgment motion, that party leaves the characterization of the motion to the court's somewhat unenlightened guess…"). In response to this difficulty, the United States Court of Appeals for the Eighth Circuit has explained that when a motion for reconsideration "is made in response to a final order," Rule 59(e) is applied. *Schoffstall v. Henderson*, 223 F.3d 818, 827 (8th Cir. 2000).

To the extent that plaintiff's motion can be treated as a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure, the motion is untimely. A motion under Rule 59(e) "must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). In this case, plaintiff's case was dismissed without prejudice on November 10, 2020. His twenty-eight-day deadline expired on December 8, 2020. The instant motion was not filed until January 1, 2022, long after the time for filing a Rule 59(e) motion had passed.

To the extent that plaintiff's motion can be treated as a motion for relief from a judgment or order under Rule 60, the motion is also untimely. "A motion under Rule 60(b) must be made within a reasonable time." Fed. R. Civ. P. 60(c). Furthermore, if the moving party is seeking relief for mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or fraud, the

2

motion must be made "no more than a year after the entry of the judgment or order." As previously noted, plaintiff's case was dismissed without prejudice on November 10, 2020. Plaintiff did not file his motion for reconsideration until January 1, 2022, over thirteen months later. He has not provided any reason for this delay, much less a compelling reason showing that the delay was reasonable.

Aside from the matter of timeliness, plaintiff has not presented adequate grounds for the Court to alter or amend its judgment. He does not point to any errors of law or fact in the Court's dismissal of his action. Plaintiff also does not show the exceptional circumstances required for relief under Rule 60(b). *See United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986). Indeed, the Court dismissed the case on the basis of plaintiff's own request. Now, a year and a month later, he appears to have changed his mind. However, this is not an adequate reason for granting his motion. For all these reasons, plaintiff's motion for reconsideration will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration, Doc. [6], is **DENIED**.

**IT IS FURTHER ORDERED** that an appeal from the denial of this motion would not be taken in good faith.

Dated this 10th day of January, 2022.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

3